UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD RAMSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-1309-TWP-MJD |
| | ) |
| KEITH BUTTS, GEO GROUP, | ) |
| DR. BRUCH IPPEL, NURSE GAY MILLINS, | ) |
| NURSE AMBER DILLOW, | ) |
| CORIZON MEDICAL, | ) |
| | ) |
| Defendants. | ) |

**Entry**

**I.**

Plaintiff Richard Ramsey's renewed motion to proceed *in forma pauperis*, dkt. [6], is **granted**. He is assessed an initial partial filing fee of Fourteen Dollars and Thirty Eight Cents ($14.38). He shall have **through June 16, 2017**, to pay this sum to the clerk.

**II. Standard of Review**

Because the plaintiff is an inmate as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).

The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

The plaintiff's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

### III. Discussion of Complaint

Plaintiff Richard Ramsey filed this civil action against Keith Butts, GEO Group, Dr. Bruce Ippel, Gay Mullins, Amber Dillow, and Corizon Medical.

#### A. Factual Allegations

The plaintiff alleges he injured his ankle during recreation time on April 17, 2016, while he was incarcerated at the New Castle Correctional Facility. The next day, Nurse Gay Mullins ordered X-rays. After initially refusing to see him, defendant Dr. Ippel reviewed the X-rays with the plaintiff on June 16, 2016, and told him he "fell through the cracks and had [plaintiff] been seen in April, his ankle would have been fixed." The plaintiff alleges it is the responsibility of Nurse Mullins and Nurse Amber Dillon to schedule patients for appointments with the doctor and they failed to schedule him to see Dr. Ippel. Because he was not timely seen by Dr. Ippel and his ankle was not properly repaired, he suffers from a deformed ankle and is in extreme pain.

#### B. Legal Claims

The plaintiff claims that the circumstances alleged above reflect a series of failures by Dr. Ippel, Nurse Mullins, and Nurse Dillon. He claims their failure to timely treat his ankle injury violated his Fifth and Eighth Amendment right, and violated his rights under the Indiana Constitution. In particular, the plaintiff alleges an unnecessary delay in treatment that led to permanent damage. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) ("a delay in treating non-life-threatening but painful condition may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.").

First, Superintendent Keith Butts is **dismissed as a defendant**. The plaintiff has failed to allege that Butts personally caused or participated in any of the wrongful actions alleged in the complaint and cannot be found liable based on the doctrine of respondeat superior. To be liable

for a constitutional violation, an individual must have personally participated in the conduct or it must have occurred at his direction. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'") (quoting *Wolf Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)); *See also West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit"). **The clerk is directed** to terminate Keith Butts from the docket.

Second, because GEO Group and Corizon act under color of state law by contracting to perform a government function, i.e., running a correctional institution or providing medical care to correctional facilities, they are treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002). Therefore, to state a cognizable deliberate indifference claim against GEO Group or Corizon, the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Corizon or GEO Group. The plaintiff fails to allege whether he suffered a constitutional deprivation as the result of an express policy or custom of GEO Group or Corizon. Accordingly, the complaint fails to state a viable § 1983 claim against GEO Group and Corizon. **The clerk is directed** to terminate defendants GEO Group and Corizon on the docket.

Any claim asserted pursuant to the Fifth Amendment is **dismissed** because only state action, not action by the federal government, is alleged here. *Jackson v. Byrne*, 738 F.2d 1443, 1446 (7th Cir. 1984).

Similarly, any allegations that the provisions on the Indiana Constitution, art. 1, § § 12, 15, 16, 18 are not implicated by the facts in this complaint. These claims are **dismissed**.

Finally, the plaintiff has adequately alleged that defendants Dr. Bruce Ippel, Nurse Mullins, and Nurse Dillow were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. **This claim may proceed**.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Bruce Ippel, Nurse Gay Mullins, and Nurse Amber Dillow in the manner specified by Rule 4(d). Process shall consist of the complaint filed on April 25, 2017, [dkt. 1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 5/17/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dr. Bruce Ippel
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Nurse Gay Mullins
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Nurse Amber Dillow
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Richard Ramsey, #117919
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Courtesy Copy:

Jeb Crandall
Bleeke Dillon and Crandall, P.C.
8470 Allison Pointe Blvd, #420
Indianapolis, IN 46250

Corizon
103 Powell Court
Brentwood, TN 37027